## MARINETTE MARINE CORPORATION

v.

### The UNITED STATES.

### No. 213–74.

United States Court of Claims.

Dec. 15, 1976.

William E. Bailey, Boston, Mass., atty. of record, for plaintiff; Stewart T. Herrick, Boston, Mass., and Herrick, Allen, Davis, Bailey & Snyder, Washington, D. C., of counsel.

Peter A. T. Sartin, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, Washington, D. C., for defendant.

Before NICHOLS, KASHIWA and KUNZIG, Judges.

NICHOLS, Judge.

In the above case the plaintiff has filed a request for prompt review, under Rule 53(c)(2)(ii), there being no certification in the record under Rule 53(c)(2)(i). Plaintiff is aggrieved by an order of Trial Judge Philip R. Miller, filed February 19, 1976. That order is much discussed in the companion case argued on the same day, *Instrument Systems Corp. & Harold Beck v. United States,* Nos. 338–73 and 339–73, Ct.Cl.,

546 F.2d 357. This, like the other, is a petition to redetermine excessive profits received or accrued under defense contracts. 50 U.S.C. App. § 1211 and ff.

The plaintiff desired to discover the full RB–1 filings of 27 companies which were, like the plaintiff, in the shipbuilding business. The trial judge required the involved third parties to be notified, and motions for protective orders were received from some of them, while others did not respond or expressly waived objections. The trial judge's order allows access to the filings of objectors and consenters all alike, but it imposes certain precautions and limitations intended as his favorable response to the motions. It will be apparent that his disposition of this matter differs in several respects from what we will henceforward expect, as stated in the companion case. However, neither plaintiff nor defendant complains of it here, and as to the third parties, some at least were represented by knowledgeable counsel and would have taken further steps, we suppose, if they had felt seriously aggrieved. One contemplating use of the order as a precedent should consult our opinion in the companion case.

Other parts of the order deal with issues not dealt with in the companion case, and it is these parts that plaintiff desires us to review, and that we do review. Plaintiff desired discovery of a long list of pre-award surveys and similar documents relating to the award of shipbuilding contracts, which it identified, to other shipbuilders than itself. Its motion was also construed as demanding access to the breakdown of the bid prices into their cost components, as submitted by the successful bidders pursuant to Navy requirements. ASPR 1–907 was cited in opposition, as promising confidentiality in the former case, while the IFB which required the cost breakdown also promised that the data would be kept confidential and not revealed to anyone.

█ The commitments, if any, of the Government to keep the contents of the RB–1s confidential were not expressly spelled out, and this was no doubt part of the difficulty in the companion case and its

many forbears, though one with a background in the field might well suppose that it was not necessary to spell out such a commitment, because it was so plainly implied. The applicable statute does not address the problem of confidentiality, and the regulations do so only in an oblique way. By RBR § 1472.7, the contractor who is invited to submit a statement under the factors may have copies of reports rendered by United States agency customers on his performance, but with information relating to "persons other than the contractor which is privileged or confidential" deleted. Obviously this is comparison information. Here we do not have that problem, because the commitment to confidentiality is express and in writing. Whether the commitment is in the contract terms themselves, or in the applicable regulations, is a matter of indifference. *Winston Bros. Co. v. United States,* 458 F.2d 49, 198 Ct.Cl. 37 (1972). That such an express commitment makes a decision difference is clear in the FOIA context. *Westinghouse Elec. Corp. v. Schlesinger,* 542 F.2d 1190 (4th Cir., decided September 30, 1976). It should at least have weight here.

Moreover, the matter of relevance is clearly of importance under our rule, since it is spelled out that a party may obtain discovery "regarding any matter, not privileged, which is *relevant*" Rule 71(b)(1). (Emphasis supplied.) The relevance of the cost breakdowns of plaintiff's competitors, in bidding on particular contracts, is dubious at best, since, as the trial judge points out, it is the experienced costs, and not those anticipated beforehand, that are significant in renegotiation. Moreover, the costs under renegotiation are those experienced under all renegotiable contracts, upon an overall fiscal year basis, whereas the costs reported under the requirement here involved are those incurred in whatever fiscal year, that relate to one particular contract. Moreover, the allowability of costs, in renegotiation, is determined by reference to the Internal Revenue Code, whereas a bidder on a defense contract, who must disclose his costs, must do so with reference

to allowability standards often completely different.

We point out in the companion case that the apparent desire of some counsel, to re-negotiate other contractors while renegoti-ating their own, must be held in check, and that every issue relevant to the contracts before the court, is not necessarily so with respect to comparable other contracts of other contractors. With respect to them, we think that the selection of comparative cases must proceed by direct reference to financial results, on an overall fiscal year basis, without reference to particular con-tracts that may be but a part of a fiscal year's business, and may run over two or more fiscal years.

In view of the foregoing, we think the trial judge rightly held that defendant might not produce or turn over to plaintiff any cost breakdowns submitted by bidders who moved for protective orders, and was not required to produce any of the others. As to the pre-award surveys (and related papers) he rightly held that defendant might not produce or turn over any that were the subject of motions or requests for protective orders. Whether he was right in turning over to plaintiff pre-award surveys relating to companies that had proper no-tice but made no motion for a protective order, may be left to be decided when we have the question before us in a proper adversary context. We do not wish to be understood as holding that the turning over of such surveys is a matter wholly for the company surveyed to decide, for there may well be other legally protected interests in-volved, and, of course, the absence of objec-tion by the third party does not establish that the material is relevant.

In view of the foregoing, our decision is that the motion for prompt review is grant-ed, but, upon review, the order of the trial judge is affirmed as to result, and may be followed as the basis for further proceed-ings in the case. As to his reasons the reasons stated in the companion case, Nos. 338–73 and 339–73 (consolidated), shall be considered the reasons in this case, in the event of any conflict.